IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ANDREW GILES                                                        PLAINTIFF

V.                               CIVIL ACTION NO. 5:22-cv-19-DCB-LGI

STATE FARM FIRE AND CASUALTY COMPANY
AND JOHN DOES 1-5                                                  DEFENDANTS

ORDER

BEFORE THE COURT is Defendant State Farm Fire and Casualty Company's ("Defendant") Motion in Limine [ECF No. 86] to limit non-retained expert testimony and exclude certain damages testimony. The Court having examined the Motion, the submissions of the parties, the record, the applicable legal authority, and being fully informed in the premises, finds as follows:

I. Background

This is a garden variety insurance dispute in which the parties cannot agree on the extent of coverage. On February 10, 2022, Plaintiff filed suit against Defendant in the Circuit Court of Lincoln County on claims for policy benefits, bad faith, negligence, breach of contract, breach of good faith and fair dealing, and infliction of emotional distress. [ECF No. 1-1] at 1-9. On March 23, 2022, Defendant removed this case to

this Court pursuant to 28 U.S.C. §§ 1332 and 1441. [ECF No. 1] at 1-2.

On August 9, 2023, Defendant filed the instant motion, in which it requested the Court to exclude testimony from Plaintiff's non-retained experts outside of their personal involvement and prohibit Plaintiff from testifying to amounts paid to his parents for he and his family to live in their home. [ECF No. 86]. Plaintiff filed a response to the motion on August 16, 2023. [ECF No. 87].

II. Legal Standard

The purpose of a motion in limine is to preclude opposing counsel from "mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." Parker v. Tyson Foods, Inc., 499 F. Supp. 3d 297, 299 (S.D. Miss. 2020) (quoting O'Rear v. Fruehauf Corp., 554 F.2d 1304, 1306 n.1 (5th Cir. 1977)). "Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds." Fair v. Allen, No. CIV.A. 09-2018, 2011 WL 830291, at *1 (W.D. La. Mar. 3, 2011); see also Hull v. Ford, No. CIV.A. C-05-43, 2008 WL 178890, at *1 (S.D. Tex. Jan. 17, 2008). Motions in limine

should not be used "to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify specific issues which are likely to arise at trial," but which are best addressed in the context of a motion in limine due to the complex or potentially prejudicial nature of those issues. Maggette v. BL Dev. Corp., No. 2:07-cv-181-M-A, 2011 WL 2134578, at *4 (N.D. Miss. May 27, 2011). It is important to note that, as with all orders on motions in limine, the non-prevailing party may revisit the issue at trial outside the jury's presence. Jackson-Hall v. Moss Point Sch. Dist., No. 3:11-cv-42-DPJ-FKB, 2012 WL 1098524, at *4 (S.D. Miss. Apr. 2, 2012).

III. DISCUSSION:

1. Testimony from Plaintiff's Non-Retained Experts

Plaintiff filed his Designation of Expert Witnesses ("Designation") pursuant to Federal Rule of Civil Procedure 26(a)(2) on September 1, 2022. [ECF No. 86-1]. Plaintiff designated three non-retained experts to testify on behalf of their personal involvement in the events leading to the litigation. The Designation provides descriptions on the subject matter, substance of facts and opinions, and grounds for opinions which experts from ServiceMaster and River Oaks are

expected to provide. See ECF No. 86-1. (The Court will discuss Rick McAlister's Designation later in this Order.)

Federal Rule of Civil Procedure 26(a)(2)(C) provides:

> (C) Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

See also Local Unif. Civ. R. 26(a)(2)(D). Both rules "address[] the disclosure of expert witnesses who were involved in the events leading up to litigation and may testify both as an expert and as a fact witness." LaShip, L.L.C. v. Hayward Baker, Inc., 680 F. App'x 317, 324 (5th Cir. 2017). Under Rule 26(a)(2)(C), a witness is properly designated as a non-retained witness where "his opinion testimony arises not from his enlistment as an expert but, rather, from his ground-level involvement in the events giving rise to the litigation." FC Meyer Packaging, LLC v. Converting Alternatives Int'l, LLC, No.

2:16-cv-80-KS-MTP, 2017 WL 1075077, at *3 (S.D. Miss. Mar. 21, 2017) (citing Downey v. Bob's Disc. Furniture Holdings, Inc., 633 F.3d 1, 6 (1st Cir. 2011)).

Here, the Defendant requests that the Court prohibit expert testimony outside of their personal involvement in the events giving rise to the litigation and limit testimony to the information designated by the Plaintiff. [ECF No. 86] at 2. But Rule 26(a)(2) already provides the safeguards Defendant seeks. Motions in limine are not suited to preclude testimony "set forth elsewhere in the Rules of Civil Procedure," Maggette, 2011 WL 2134578, at *4, and any objections Defendant would have pertaining to the non-retained experts' testimony may be revisited "at trial outside the jury's presence." Jackson-Hall, 2012 WL 1098524, at *4. The Court therefore denies Defendant's request because the testimony at issue falls squarely under Rule 26(a)(2).

### 2. Testimony from Rick McAlister

Plaintiff's third non-retained expert in his Designation is Rick McAlister. McAlister's designation is as follows:

> In accordance with Fed. R. Civ. P. 26(a)(2), this disclosure is made with respect to Rick McAlister, a licensed real estate agent who works with R&C Realty Group, LLC. McAlister will testify based upon

5

>knowledge, training, experience, and inspection of the home. McAlister is expected to opine that the Giles' Home has an estimated rental value between $800 - $1100 per month.

[ECF No. 86-1] at 6. Although Defendant questions the sufficiency of Plaintiff's Designation concerning McAlister, it does not move the Court to strike McAlister. Instead, Defendant requests that the Court prohibit McAlister's testimony on the issue of rental value. [ECF No. 86] at 3. Defendant cites the fact that Plaintiff prays for relief pertaining to "the repair costs to the trailer, the full value of the trailer, the cost of living with his parents, and . . . the value of [Plaintiff's] trailer as a rental property." [Id.]. Plaintiff argues Defendant is attempting "to sneak in an untimely *Daubert* motion to strike Mr. McAlister or summary judgment on Plaintiff's remaining claims. . . ." [ECF No. 87] at 3.

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." Harkness v. Bauhaus USA, Inc., No. 3:13-cv-129-DMB-SAA, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015). A "motion in limine is not a substitute for a motion for summary judgment." Fos v. Wal-Mart Stores East, LP, No. 3:12-cv-735-LG-JCG, 2015 WL 11120671, at *3, (S.D. Miss.

6

June 2, 2015). See also United States v. Dawn Props., No. 1:14-cv-224-LG-JCG, 2016 WL 7227929 at *2, (S.D. Miss. Dec. 13, 2016); and Marlow LLC v. Bellsouth Telcoms., Inc., No. 2:10-cv-135-KS-MTP, 2013 WL 125900, at *3-*4, (S.D. Miss. Jan. 9, 2016).

In the instant motion, Defendant argues Plaintiff is not entitled to the rental value of the property because "that would represent duplication of damages." [ECF No. 86] at 3. But Defendant never challenged McAlister's designation; instead, the Defendant argues the Plaintiff is not entitled to a specific remedy. Under this context, it appears that Defendant seeks a dispositive ruling as to the specific remedy that Plaintiff seeks rather than an evidentiary ruling. See Regions Com. Equip. Fin., LLC v. Performance Aviation, LLC, No. 2:16-cv-110-KS-JCG, 2017 WL 11608831, at *1 (S.D. Miss. July 14, 2017). Without any case law to support Defendant's request, the Court denies this aspect of the instant motion.

### 3. Testimony Concerning Rental Payments to Plaintiff's Parents

Finally, Plaintiff contends he is entitled to damages arising from alleged rental payments he made to his parents while he and his family were displaced from their home. [ECF No. 86] at 4. During a deposition dated November 21, 2022, Defendant asked Plaintiff for proof of such payments. Plaintiff responded

7

that he kept a ledger detailing the payments. [ECF No. 86-2] at 2.

In the instant motion, Defendant claims it has not received any documentation concerning the alleged rental payment. As a result, Defendant requests that the Court prohibit any evidence of the alleged payments because such evidence would only be speculative. [ECF No. 86] at 4. In his response, Plaintiff argues the question of damages is best left to the jury. [ECF No. 87] at 4.

The plaintiff is "required to introduce such proof of damages as the nature of his case permit[s], with as much accuracy as [is] reasonably possible." Coursey v. Broadhurst, 888 F.2d 338, 345 (5th Cir. 1989) (citing Thomas v. Global Boat Builders & Repairmen Inc., 482 So. 2d 1112, 1116 (Miss. 1986)). Under Mississippi law, "absolute certainty in the proof of damages is not required, [but] reasonable certainty is." Cenac v. Murry, 609 So. 2d 1257, 1274 (Miss. 1992). "[D]amages . . . may be recovered only where and to the extent that the evidence removes their quantum from the realm of speculation and conjecture and transports it through the twilight zone and into the daylight of reasonable certainty." Wall v. Swilley, 562 So. 2d 1252, 1256 (Miss. 1990).

8

In federal court, "the assessment of damages presents a question of fact to be determined by the jury. . . ." Greyhound Corp. v. Dewey, 240 F.2d 899, 904 (5th Cir. 1957). One court in this district has taken a motion in limine concerning "proof of damages" under advisement and addressed the issue with the parties at trial. See Hubbard v. Kemper Neshoba Regional Correctional Facility, No. 4:10-cv-131-DPJ-FKB, 2013 WL 12091060, at *1 (S.D. Miss. May 2, 2013).

Here, Plaintiff testified he kept a detailed ledger of all amounts paid to his parents. [ECF No. 86-2] at 3. Whether the Plaintiff can provide proof of the alleged payments is a question of fact best left to the jury. See e.g., Hubbard, 2013 WL 12091060. The Court will therefore deny Defendant's request in the instant motion.

IV. Conclusion

ACCORDINGLY,

IT IS HEREBY ORDERED that Defendant's Motion in Limine [ECF No. 86] is DENIED.

SO ORDERED, this 29th day of August, 2023.

/s/ David Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE